GEORGE FITZGERALD, Respondent, *v.* WILLIAM L. URTON
and Others, Appellants.

The occupant of mineral land may rely upon his possession against a mere tres-
passer, unless he uses the land for grazing or agricultural purposes.

In permitting persons to go upon public lands occupied by others, for the pur-
pose of mining, the Legislature has legalized what would otherwise have been
a trespass, and the Act cannot be extended by implication to a class of cases
not specially provided for.

The occupation of a lot for the purpose of hotel keeping is not inconsistent with
the policy of the State with regard to mining claims.

The wants of mining communities demand some facilities for the business of
mining, and persons settled in good faith upon lots in the mining towns, and
carrying on business, should be reasonably protected.

APPEAL from the District Court of the Ninth Judicial District,
Butte County.

This was an action to restrain the defendants from the commission of
a nuisance by reason of the digging of a ditch, and mining within the
plaintiff's enclosure.

At the trial the Court charged the jury that "if the plaintiff had
possession and use of the lot claimed and improved, before the location
and possession of a mining claim by defendants on said premises, the
plaintiff is entitled to hold the same, and the defendants have commit-
ted a trespass and are liable in damages." To this instruction defend-
ants' counsel excepted. The jury found a verdict for the plaintiff.
Defendants appealed.

*R. S. Mesick*, for Appellants.

The instruction given by the Court was erroneous, and conflicts with
decisions previously given by this Court. See Hicks *v.* Bell, 3 Cal.,
219. Stoakes *v.* Barrett & Co., 5 Ib. McClintock *v.* Bryden, 5 Ib.

*Jos. E. N. Lewis*, for Respondent.

In support of the instruction cited Winans *v.* Christy, 4 Cal., 70.
Prac. Act, § 621. 2 Black. Com. 10. 13 Geo., 469. Hutchinson
*v.* Perley, 4 Cal., 53. Hicks *v.* Davis, Ib., 67.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This was an action in the Court below to restrain the defendants from the commission of a nuisance by reason of digging a ditch and mining in the plaintiff's inclosure.

The facts are substantially—that the plaintiff was in possession of a small town lot in the town of Bidwell, on which he had erected a house used as a hotel—that the lot was inclosed by a substantial fence, and used as a poultry and wood yard, and for other purposes necessary to carry on the business of hotel keeping—that the plaintiff had for a long time been in the quiet use and possession of said premises, and that the defendants claiming a right as miners, entered upon the lot, and by digging and sluicing, had greatly damaged the plaintiff and inconvenienced him in his business, and threatened, if not restrained, to entirely ruin his possession.

Several grounds of error are assigned by the appellants, none of which are well taken.

First, it is supposed by the appellants, that the allegation of possession and title in the plaintiff was insufficient to enable him to maintain the action, and that he ought to have shown, that his possession was consistent with the statute of this State regulating pre-emption claims, and that he had complied with the provisions of the Act. Such is not the case. The occupant of land may in every case rely upon his possession as against a mere trespasser, and the fact that the land is the public domain of the United States, or land containing the precious minerals, will afford no authority to strangers or third persons entering upon his possession except in the cases allowed by statute. These cases are, first—where the land is used for grazing, and second—for agricultural purposes.

The Legislature of our State in the wise exercise of its discretion has seen proper to foster and protect the mining interest as paramount to all others. In permitting miners, however, to go upon public lands occupied by others, it has legalized what would otherwise have been a trespass, and the Act cannot be extended by implication to a class of cases not specially provided for. Neither do we think that the occupation of the lot by the present plaintiff for the purpose of hotel keeping

is inconsistent with the policy of the State with regard to mining claims.

The interests and wants of the mining communities demand that some facilities and accommodations should be afforded to the business of mining, and that persons settled in good faith upon lots in the mining towns, and carrying on business should be reasonably protected, and not left at the mercy of any malicious or irresponsible party who may choose to invade their possession, upon the specious pretext of mining.

From an examination of the facts it will be observed that this case differs materially from the case of McClintock v. Bryden *et al.*, and other cases heretofore decided by us.

The instructions of the Court below are substantially correct, and no error appearing to us, the judgment is affirmed, with costs.